UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BERNELL WAYNE TILLER,

          Plaintiff,

   v.

ST JOSEPH HOSPITAL et al.,

          Defendant.

CASE NO. C13-6066 BHS-JRC

ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

The Court orders that plaintiff file an amended complaint because plaintiff's original complaint contains a number of defects. Plaintiff's complaint is illegible in several places and the Court is not entirely sure what issues plaintiff is trying to bring before the Court (ECF No. 1, proposed complaint). Also, plaintiff seeks "release from jail" as part of his relief (*id.*).

Plaintiff's amended complaint must be dark enough that it can be scanned and entered into the Court's electronic filing system. Plaintiff's cursive writing style also makes the hand

written portions of the complaint difficult to discern. Plaintiff should consider printing the complaint.

Also, plaintiff may not seek release from jail through a civil rights action. If a plaintiff is challenging the very fact or duration of physical imprisonment, and the relief sought will determine whether plaintiff is or was entitled to immediate release or a speedier release from that imprisonment, plaintiff's sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

The United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The Court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

*Id*. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the Court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (*quoting Edwards v. Balisok*, 520 U.S. 641 (1997)).

The Court orders that plaintiff submit an amended complaint on or before **January 31, 2014**. Plaintiff's amended complaint will act as a complete substitute for the original and not as a supplement. Plaintiff's failure to file an amended complaint that cures the defects outlined in this order will be grounds for the Court issuing a Report and Recommendation that this action be

dismissed for plaintiff's failure to obey a Court order and plaintiff's failure to prosecute the action.

Dated this 24th day of December, 2014.

*J. Richard Creatura*
J. Richard Creatura
United States Magistrate Judge